Johnson, J.
The general rule very clearly is, that a lapsed legacy of chattels passes under a general residuary bequest, not (as is said by the master of the Rolls, Sir William Grant, in Cambridge v. Rous, 8 Ves. 25) in consequence of any direct or expressed intention ; for it may be argued in all cases, that particular legacies are separated from the residue, and that the testator does not mean that the residuary legatee should take what is given from him, for he does not contemplate the case. The residuary legatee is to take only what is left, but that does not prevent the right of the residuary legatee ; but the testator is supposed to give it away from the residuary legatee, only for the sake of the particular legatee. It is therefore giving effect to the intention of the testator. It is true, that the English cases go very far to favor the residuary legatee. There, the undevised residuum went to the executor, and it was most apparent that the construction was often strained, to prevent that consequence. Here, there is no such necessity for perverting the meaning, as the law makes distribution of the residue. But even there the rule does not apply, where the residuary bequest is of a particular fund or description of property, or other certain residuum, which I think may be fairly deduced from this will. The case of Bland v. Lamb, 2 Jacob & Walker, 399, is an example. The residuary bequest there, was in the words — *“ Anything I have forgot, I leave at the disposal of Mrs. Bland of Isleworth,” and it was held that a legacy subsequentleft to him by a relation, did not pass under this bequest; and the Lord Chancellor Eldon remarks (page 405) “ that after the cases which had been referred to, there gpuld be no doubt that a gift of the residue may have a limited operation, although the g neral doctrine of the Court is, that if a person gives all the rest of his personal estate or property, such a gift will pass not only that which he then has, but that which may become his property.” The Attorney General v. Johnstone, Ambler 517, furnishes another example of this sort. Indeed the proposition is so palpable, that it admits, in the abstract, of no doubt. All the difficulties connected with it have arisen in the application. In determining whether, in the particular case, the bequest was of a general or particular residuum.
In the ease under consideration, the intention of the testator is expressed, in the introductory clause of the will, in the following words : “ And as to what worldly substance it has pleased God to bless me with, it is my will and wish that .it be disposed of in the manner following,” &c., — and this circumstance is much relied on in all the cases where it exists, to show the intention of the testator not to die intestate as to any part of his estate, and is certainly entitled to weigh much in a doubtful construction ; but, as much as the Courts lean in favor of such a construction, it has never been made to supply the place of an actual bequest. Take, for example, the case of a will where there is no residuary clause, and the whole estate is not specifically disposed of; there the general intention cannot prevail, on account of the uncertainty who the testator intended should take. So in the case of a specific residuary *72 bequest of all the rest and residue of cash on hand, where there are other chattels not disposed of. In the case of Bland v. Lamb, before cited, the testator, after alluding to the state of his health, states that he takes this method of showing how he would have his small property disposed of: and the Lord Chancellor, conceding that these terms were broad enough to pass all the property he had, held that subsequently acquired property did not pass under the residuary clause.
*The question then is, whether by the terms, “ all the rest of my “property,” the testator meant the general residuum of his estate, or the residuum of a particular description of property.
There can be no question, that the term “property,” as was said by Lord Mansfield, in Hogan v. Jackson, Cowp. 299, when unaffected by the contract, is sufficient to cover all that the testator was worth ; but upon construing it with reference to the other provisions of this will, I think it will appear that the testator did not intend to use it here in that general sense, but limited it to a particular description of property.
The word “property” occurs in the bequest to the testator’s wife, in connection with his stock, plantation tools, and household furniture, and in that instance, is evidently and expressly limited to whatever chattels he might have on his plantation, not falling within the description particularly expressed. And again, of that “ property,” she is to have her choice. In this instance, too, it is apparent that it was not intended to include negroes on the plantation, or money on hand, or due and owing; for these are all independently and specifically disposed of. So, too, in the residuary clause, after the general bequest of all the rest of his property, the testator gives the remainder of the money on hand, and the money due, excepting $500, to the defendant’s wards ; and if he had intended to use the word “property,” in its unqualified sense, that was unnecessary. ,He directs too, in the residuary ciarse, that all the rest of his properly should be sold at public sale. Money, or debts due, or other securities for money, may be the subject of public sale; but that is very much out of the usual course of business, and it would never enter into the mind of any one, that by direction to sell property, the testator meant money or choses in action, for the obvious reason, that a sale could not essentially change the quantity or character. Besides, the testator reserves $500 out of the cash fund, for another purpose. It is clear, therefore, that the testator did not intend to use the term “ property,” in the unlimited and unqualified sense, in which it is generally received ; and the *inquiry is, to what did he intend to limit it. The solution may be found, I think, in the‘use he makes of it in the bequest to his wife. In that clause of the will, it is, as before remarked, evidently used in a sense exclusive of negroes and money, and to enlarge live stock, household furniture and plantation tools, so as to include all other movables about the plantation, not falling within those descriptions. The same thing precisely, occurs in the bequest to the defendant’s children and wards, “ I give and bequeath to [them] all the rest of my negroes in effect specifically those not before bequeathed, and in the same clause he also gives to them all the rest of his money on hand, or that may be due him. The words “ all the rest of my property,” must therefore be understood as exclusive1*}!' the negroes, for all the rest of the negroes had been before disposed of. Money and debts must also *73 be excluded, because these also are expressly disposed of; and for the further reason that they are not the subject of sale. The word property, which occurs here, is then to be understood in the sense in which it is used in the bequest to his wife, and only as enlarging the particular stock, household furniture, and farming tools, so as to cover whatever else of personal chattels belonging to that class of property, whichmight be upon the testator’s plantation, or used there. It follows, that nothing else of the legacy to the testator’s wife which lapsed by her death, but property falling within this description, passes under this residuary bequest to the defendant’s wards, and that so much of the legacy to her, as consisted of negroes, money on hand, and debts due, must pass as chattels descended to the testator’s heirs general, and is distributable under the act of the Legislature. In this respect, therefore, the decree of the Circuit Court must be reversed.
It is understood that the defendant’s wards (his children) will be entitled to a distributive share of the chattels descended, being amongst the next of kin to the testator. If that be true, the defendant, in the statement of his accounts as guardian, must be charged with the amount of *their interest in them, and the issues, income and profits arising therefrom.
In other respects, the decree of the Circuit Court is affirmed, and it is ordered and decreed, that the said decree be reformed, according to the principles of this decree.
O’Neall and Harper, Js., concurred.